UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 1 0 2013

Clerk, U.S. District and
Bankruptcy Courts

|  |  |  |
|---|---|---|
| DANIEL ERIC COBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1045 |
| | ) | |
| WILLIAM K. SUTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff brings this action against the Clerk of the Supreme Court of the United States, among others, alleging that the defendants have obstructed and otherwise have interfered with his efforts to file a petition for a writ of certiorari.

The Clerk of the Supreme Court is the designated recipient of all documents filed with the Supreme Court, and is authorized to reject any filing that does not comply with the applicable rules and orders. *See* Sup. Ct. R. 1. This Court has no authority to determine what action, if any, must be taken by the Supreme Court and its administrative officers. *See In re Marin*, 956 F.2d 339, 340 (D.C. Cir.), *cert. denied*, 506 U.S. 844 (1992). Furthermore, insofar as the plaintiff demands compensatory damages, the defendants are absolutely immune from suit. The absolute judicial immunity afforded to judges, *see Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) ("Judges enjoy absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction."), extends to court clerks performing "tasks that are an integral part of the judicial process." *Id.* at 1460-61.

*In/*

*3*

The Court will grant the plaintiff's application to proceed *in forma pauperis* and will dismiss the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). An Order consistent with this Memorandum Opinion is issued separately.

DATE: 6/26/2013

United States District Judge